**Opinion issued February 21, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00757-CR

———————————

**JARROD JAY THOMAS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 405th District Court**
**Galveston County, Texas**
**Trial Court Case No. 17-CR-1654**

---

## MEMORANDUM OPINION

Jarrod Jay Thomas, acting pro se, attempts to appeal his conviction and sentence of four years' imprisonment for the felony offense of assault on a public servant. Because appellant's notice of appeal was untimely, we dismiss the appeal for lack of jurisdiction.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after sentence is imposed in open court or the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The deadline to file a notice of appeal is extended to ninety days after the sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(2). The time for filing a notice of appeal may be further extended if, within fifteen days of deadline for filing the notice of appeal, appellant files the notice of appeal and a motion complying with Rule 10.5(b). TEX. R. APP. P. 26.3.

In this case, the trial court's judgment of conviction was signed on June 18, 2018. Because appellant did not file a motion for new trial or a motion for an extension of time to file a notice of appeal, his notice of appeal was due no later than July 18, 2018. *See* TEX. R. APP. P. 26.2(a)(1). Appellant's pro se notice of appeal was received by the clerk of the trial court on August 17, 2018, but under the "prisoner mailbox rule," pleadings of pro se inmates are deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk. *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010). The record indicates that the notice of appeal was delivered to prison officials on August 14, 2018.

Appellant's notice of appeal filed on August 14, 2018 was untimely because it was filed more than thirty days after the judgment was signed on June 18, 2018. *See* Tex. R. App. P. 26.2. This Court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3. *See Olivo*, 918 S.W.2d at 522. If an appeal is not timely perfected, then a court of appeals does not obtain jurisdiction to address the merits of the appeal and can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Although appellant may seek an out-of-time appeal from the Texas Court of Criminal Appeals by application for writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure, this relief is beyond our court's jurisdiction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeals in felony cases are governed by article 11.07 of the Texas Code of Criminal Procedure); *Conroy v. State*, No. 03-15-00480-CR, 2015 WL 5783395, at *1 (Tex. App.—Austin Oct. 2, 2015, no pet.) (mem. op, not designated for publication) ("[T]he Texas Court of Criminal Appeals is the only court with jurisdiction to consider a motion for an out-of-time appeal.").

Because appellant's notice of appeal was untimely, we have no basis for jurisdiction over this appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 522. Accordingly, we dismiss the appeal for want of jurisdiction. Tex. R. App. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Landau.

Do not publish. TEX. R. APP. P. 47.2(b).